THOMAS CROUCHER *vs.* SAMUEL OAKMAN & anotner.

In an action of contract by the mate against the owners of a vessel to recover the dam-
ages sustained from the unlawful act of the master in wounding and discharging him
in a foreign port while in the prosecution of a voyage upon shipping articles signed
by him, the plaintiff may recover such damages as will compensate him for the injury
sustained by him in consequence of the breach of the contract; and no exception lies
to an instruction by the presiding judge, authorizing the jury to allow to him wages
up to the time when he was sufficiently recovered to sail for home, and for such further
time as was reasonable for obtaining a passage, and making a voyage to the United
States, and the expenses of his board, nursing, medicines and medical attendance until
he had so recovered, and of his passage home, although the time so embraced was longer
than that occupied by the voyage mentioned in the shipping articles.

CONTRACT, brought by the chief mate against the owners of
the bark Laroy, to recover damages for injury sustained from
the unlawful act of the master in wounding and discharging
him, under circumstances hereinafter stated, while in the pros-
ecution of a voyage upon shipping articles in the usual form,
for a voyage to the Spanish Main and West India Islands and
back to the United States, where it was to terminate, not to
exceed six months in all, for thirty five dollars a month. The
voyage began on the 15th of February 1857, and the vessel went
to Laguira, thence to Cienfuegos, and thence home, where she
arrived on the 1st of June 1857. A former trial of this case
resulted in a verdict for the plaintiff, which was set aside on
exceptions. 1 Allen, 404.

At the second trial in the superior court, it appeared that in
April, as the vessel was about leaving Cienfuegos, the plaintiff
was shot by the master and wounded in such a manner that
it became necessary to take him ashore for medical treatment.
He was not able to proceed with the vessel, and was not dis-
charged in any manner required by law. The defendants intro-
duced evidence tending to show that the master paid to the
American consul the wages of the plaintiff to the time he was
taken ashore, and for three months more, and contended that
these covered all his expenses up to a time as late as the ter-
mination of the voyage. The plaintiff introduced evidence to

16*

prove that he always performed and was ready to perform his duty, and that the wounding was the unlawful and wilful act of the master; and that he was not sufficiently cured to be able to leave Cienfuegos until October 1857.

Vose, J. instructed the jury that if the plaintiff was prevented from performing the voyage by the unlawful act of the master, and the injury rendered his removal on shore necessary to receive proper medical treatment, he was entitled to recover wages, deducting such as had been paid to him by the owners or consul, without reference to the termination of the voyage, up to the time when he was sufficiently recovered to sail for home, and to such further time as was reasonable for obtaining a passage, and making a voyage to the United States, and also to recover for the expenses of his board, nursing, medicines and medical attendance, until he had so recovered, and for his passage home.

The jury returned a verdict for the plaintiff, with $491.38 damages; and the defendants alleged exceptions.

R. H. Dana, Jr. & S. J. Thomas, for the defendants. While the act of the master which disabled the plaintiff from performing his contract would render the master liable, and might perhaps render the defendants liable, in damages, it would not change the terms of the contract so as to render the defendants liable for wages beyond the time when, by the terms of the contract, wages were to cease. Brooks v. Dorr, 2 Mass. 44. Hoyt v. Wildfire, 3 Johns. 520. Ward v. Ames, 9 Johns. 138. Emerson v. Howland, 1 Mason, 51. Nevitt v. Clarke, Olcott, 326. In an action against the owners on a written contract, in which the term is stipulated, they are not liable beyond such term, in respect to board, nursing and medical attendance. Such damages should be sought in an action of tort against the master, or perhaps even against the owners. Hulle v. Heightman, 2 East, 145. Sigard v. Roberts, 3 Esp. R. 71.

E. Merwin, for the plaintiff.

BIGELOW, C. J. We are of opinion that the defendants have no reason to complain of the instructions under which this case was submitted to the jury. It is not an action in which the plaintiff seeks to recover the wages which would have been due

to him if he had been able to fulfil the written contract under
which he shipped on board the defendants' vessel. If such had
been the nature of the plaintiff's claim, some of the objections
urged by the counsel for the defendants to the rulings of the
court might have been tenable. But the cause of action al-
leged in the declaration is a breach of the contract by which
the plaintiff was employed to serve as mate, occasioned by the
unlawful and wrongful acts of the master, in which he claims
to recover the damages he has sustained in consequence of such
breach. The case is therefore one which comes within the gen-
eral rule which gives to a party who has been injured by the
failure of another to perform his contract an indemnity or com-
pensation adequate and sufficient in amount to put him in the
same position in which he would have stood if it had not been
for the unlawful breach of the agreement. Viewed in this
light, there can be no doubt that by the well settled rule of
law the defendants were liable in this action to the plaintiff in
such sum in damages as would compensate him for the injury
sustained, if it was proved to the satisfaction of the jury that
the contract had been broken, as alleged in the declaration, by
the wrongful act of the master in discharging the plaintiff from
the vessel in a foreign port. The principle on which owners
are held to be liable in such cases is this : The defendants, as
owners of the vessel, contracted with the plaintiff for the per-
formance by him of the duties of mate for a specified voyage.
It was their contract, although made in the name of the master.
He was their agent to make and execute it. If it was broken
by the wrongful act of their authorized agent, they are bound
to make compensation for such breach to the party injured.
*Sheffield* v. *Page*, Sprague's Decis. 285, 289. Story on Agency,
§§ 116, 120. The case at bar is therefore the ordinary one,
where a written contract has been broken by the agent, and the
party injured is seeking his remedy against the principal.

Some confusion may exist in the adjudged cases as to the
nature of the remedy to be adopted by a seaman injured by a
wrongful discharge in a foreign port, in violation of the con-
tract under which he shipped. This arises from the fact that in

admiralty the suit for a breach of the contract is sometimes brought in the form of a libel for wages instead of a claim for damages. But the principle applicable is the same, whatever may be the form of the remedy, and the court in admiralty pronounce, in fact, for damages, although they may be given in the name of wages. In this respect, the rule in admiralty and at common law do not substantially differ. *Emerson* v. *Howland* 1 Mason, 45. *Hunt* v. *Colburn,* Sprague's Decis. 215. *Hutchinson* v. *Coombs,* Ware, 65. Abbott on Shipping, (7th ed.) 620, *note.*

The only other question arising on this part of the case is, whether the instructions were erroneous as to the damages to which the plaintiff was entitled. It certainly would have been more regular to tell the jury to give the plaintiff a full indemnity for the loss and injury which he had sustained in consequence of the breach of the contract. But the omission of this statement of the general rule does not appear to have worked any harm to the defendants. It was certainly the duty of the court to enumerate, for the guidance of the jury, the elements of the damages to which the plaintiff was entitled under the general rule, and if these were correctly stated, there is nothing to show that the amount of the verdict is too large. Upon the facts stated in the bill of exceptions and comprehended in the instructions given to the jury, we are of opinion that the jury were properly directed as to the sum which ought to be allowed to the plaintiff. In the absence of controlling evidence, the wages which the defendants agreed to pay the plaintiff were the best evidence of the value of his time and services which had been lost to him in consequence of the wrongful act of the master. The defendants cannot complain that he was allowed to recover the sum which he would have earned, if he had not been prevented by the breach of the contract caused by their agent. Nor was it erroneous to allow the plaintiff to recover for his time beyond the period when the voyage terminated. The contract of the defendants was to bring the plaintiff back to the home port. This they failed to do. To give him a full indemnity, he is entitled to recover until he has had reasonable time and opportunity to return home, although he may receive

compensation for a longer time than was necessary to complete the original voyage. See *Emerson* v. *Howland, ubi supra,* and cases cited. *Brunent* v. *Taber,* Sprague's Decis. 244.

The ruling as to the right of the plaintiff to recover for the medical and other expenses incurred in consequence of the injury received by him while in the service of the ship was in conformity with the well settled rule of the maritime law. He was entitled to be cured at the expense of the owners. This was an essential incident of the contract, annexed to it by law, and for a failure to fulfil it the defendants are liable in this action. Abbott on Shipping, 260, *notes. Harden* v. *Gordon,* 2 Mason, 541. *Brig George,* 1 Sumner, 151.

*Exceptions overruled.*